67 F.3d 294
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sue CHOE, Plaintiff-Appellant,
v.
Mary SMITH; Zack Damerman; Western State Hospital,
Defendants-Appellees.
 No. 94-2143.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 20, 1995.
Decided Sept. 13, 1995.
 
 Sue Choe, Appellant Pro Se. LaDale Kenneth George, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, VA, for Appellees.
 Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellant, Sue Choe, seeks to appeal the district court's order denying relief on her 28 U.S.C. Sec. 2254 (1988) petition. Because our review of the record and the district court's opinion reveals that this appeal is without merit, we affirm the district court's order dismissing the complaint as to Choe's habeas corpus claims. Choe v. Smith, No. CA-94-77 (E.D.Va. Aug. 24, 1994). However, because some of Choe's claims were cognizable under 42 U.S.C. Sec. 1983 (1988), we modify the district court's order to reflect that summary judgment for the Defendants, rather than dismissal for failure to exhaust state remedies, was appropriate on those claims.
 
 
 2
 Pursuant to a plea of Not Guilty by Reason of Insanity, Choe was committed to the custody of the Virginia Department of Mental Health, Mental Retardation, and Substance Abuse Services. She was eventually housed in Western State Hospital. In her complaint, Choe claimed that the staff at the hospital: unlawfully seized her personal property; unlawfully constrained her within the confines of her unit; gave her medication against her will; withheld her court documents; and harassed and coerced her into believing that she was mentally ill. Choe sought release, ten million dollars in compensatory damages, and fifty million dollars in punitive damages. After filing her complaint, Choe also filed an "Emergency Motion to Release," requesting that the court release her because she was neither physically nor mentally ill. The Defendants filed a motion for summary judgment, submitting affidavits rebutting Choe's claims.
 
 
 3
 The Defendants' affidavits stated that Choe's personal property was not seized from her room. Rather, Choe was hoarding items in her room from around the hospital. The hospital searched Choe's room and seized those items belonging to the hospital. The Defendants' affidavits stated that because Choe was recently transferred from a maximum security forensic unit at Central State Hospital to a moderate security civil unit at Western State Hospital, she was restricted to the ward pursuant to the medical judgment of the personnel at Western. Choe had access to the facility chaplain and religious literature, and she was allowed to attend any on-ward educational activity. The Defendants' evidence showed that Doctor Smith, the doctor who allegedly administered medication to Choe against her will, determined after consulting with two other doctors that Choe needed the medication if her condition were to improve. Dr. Smith administered the medication in the exercise of her sound medical judgment. Finally, the Defendants' affidavits reflected that Choe had not been denied access to the courts or legal documents; in fact, the staff at the hospital had gone so far as to discuss and review legal documents with Choe.
 
 
 4
 In addition to filing the motion for summary judgment and submitting evidence in support thereof, the Defendants served Choe with notice pursuant to Roseboro v. Garrison.[1] Additionally, the Defendants filed a motion requesting the court to interpret Choe's second filing, the "Motion for Emergency Release," as a petition pursuant to 28 U.S.C. Sec. 2254 (1988), and to dismiss it for failure to exhaust state remedies. The Defendants claimed that if Choe was challenging the fact of confinement, she was required to first exhaust her state remedies.[2] After the Defendants filed their dismissal motion, Choe filed a motion requesting to supplement her complaint with additional defendants. In that motion, Choe challenged the procedures in her criminal trial, and claimed that her defense attorney was ineffective. Choe also alleged that another doctor, not named in the previous complaint, was administering medication over Choe's objection and was treating Choe as if she were mentally ill. Finally, Choe answered the Defendants' motions for summary judgment and dismissal. In her answer, Choe claimed that the Defendants lied in their affidavits. She also submitted various medical documents relating to her treatment which, although occasionally mentioning periods of lucidity, demonstrated that Choe was mentally unstable and in need of treatment. None of Choe's pleadings were sworn or verified, and she submitted no affidavits in support of her pleadings.
 
 
 5
 The district court interpreted Choe's various filings as a petition for release pursuant to 28 U.S.C. Sec. 2254 (1988). The district court reasoned that Choe, although protesting the conditions of her confinement, was really seeking release because she was claiming that she was not mentally ill. The district court then dismissed Choe's complaint, finding that Choe had failed to exhaust her state remedies because she did not appeal her most recent recommitment order. See Miller v. Blalock, 356 F.2d 273, 274 (4th Cir.1966) (exhausting requirements apply to involuntary commitment).
 
 
 6
 After the district court dismissed her complaint, Choe filed a motion requesting that a new judge be appointed to the case. The district court denied this motion. Choe then filed a "Motion For Reinstatement" which the district court interpreted as a motion for reconsideration and denied. Choe timely appealed.
 
 
 7
 As noted above, we affirm the dismissal of Choe's habeas claims on the reasoning of the district court. The only remaining issues relate to Choe's conditions of confinement claims, which the district court did not address. Choe claimed that: (1) her personal property was seized; (2) the staff harassed and coerced her into believing she was mentally ill; (3) the staff withheld court documents; (4) she was not allowed to move around freely; and (5) she was given medication against her will. Because these claims were not challenges to Choe's confinement, Choe was not required to exhaust state remedies before pursuing them in federal court. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). However, since these claims could appropriately be dismissed on summary judgment grounds, we affirm the district court's order.
 
 
 8
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). In determining whether this showing has been made, a court must assess the factual evidence, and all inferences to be drawn therefrom, in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). After a party has moved for summary judgment, the burden rests on the nonmoving party to establish the existence of a genuine issue of material fact by presenting evidence on which a jury could reasonably find in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). This Court reviews a decision granting summary judgment de novo. Gray v. Farley, 13 F.3d 142, 145 (4th Cir.1993).
 
 
 9
 In response to the Defendants' affidavits rebutting Choe's claims, Choe merely alleged that the Defendants were lying. She submitted no affidavits or evidence in support of this allegation. To survive summary judgment, however, Choe was required to produce more than a mere allegation of the existence of a material fact. Celotex Corp., 477 U.S. at 322-23. Unsupported speculation is insufficient to defeat a motion for summary judgment. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir.1987).
 
 
 10
 The Defendants submitted affidavits which directly rebutted Choe's claim that her personal property was seized. The property which was seized was the property of the hospital. Choe had been hoarding the property in her room. Since Choe failed to adequately demonstrate that her personal property was seized, summary judgment was appropriate on this claim.
 
 
 11
 Choe's claim that she was harassed and coerced into believing that she was mentally ill was also without merit. In support of her claim, Choe submitted medical reports which commented on periods of lucidity. The medical reports, however, all concluded that Choe was mentally unstable and in need of treatment. Thus, Choe's own submissions belie her claim. Finally, Choe's unsworn claim that the hospital staff withheld court documents was directly rebutted by the Defendants' affidavits. Summary judgment, therefore, was also appropriate on these claims.
 
 
 12
 Involuntarily committed mental patients retain liberty interests in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions. Youngberg v. Romeo, 457 U.S. 307, 324 (1982). Decisions regarding these interests, if made in the exercise of professional judgment, are given great deference and are entitled to a presumption of correctness. Id. Choe complained that her confinement conditions were overly restrictive. In response, the Defendants submitted that Choe was under certain restrictions because she had just been transferred from a maximum security criminal facility to a light security civil facility. Therefore, because of her status, Choe did not receive all the freedoms received by other patients. Choe, however, was allowed to visit with the chaplain, attend religious services, and attend all on-ward training. In light of Choe's status, the restrictions on Choe's liberty were a result of the staff's reasonable exercise of their professional judgment. Accordingly, the Defendants were entitled to summary judgment on this claim.
 
 
 13
 An involuntarily committed individual has a protected liberty interest in being free from involuntary medication. United States v. Charters, 863 F.2d 302, 305-06 (4th Cir.1988) (in banc), cert. denied, 494 U.S. 1016 (1990). The patient's due process rights are not violated, however, if the decision to administer the drugs is the result of the exercise of professional judgment. Id. at 312. The question is not whether the decision was medically correct or the most appropriate, but whether it was made in the exercise of professional judgment rather than arbitrarily. Id. at 313. Dr. Smith averred that her decision to medicate Choe was in the sound exercise of her professional judgment. Since Choe has failed to rebut this statement or offer anything to demonstrate that the drugs were administered arbitrarily, summary judgment was appropriate on this claim.
 
 
 14
 Accordingly, for the reasons discussed above, we affirm as modified the district court's orders dismissing Choe's complaint and denying Choe's motions for appointment of a new judge and reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 528 F.2d 309 (4th Cir.1975)
 
 
 [2]
 Under Virginia law a person who has been committed as a result of a NGRI plea is entitled to an annual review in the committing court to determine the need for continued hospitalization. Va.Code Ann. Sec. 19.2-182.5 (Michie Supp.1994). Choe underwent such a review and was recommitted for another year. She did not appeal that decision